(145 P.3d 73)
No. 94,629 ■

STATE OF KANSAS, *Appellee*, v. LARRY J. CURLS, *Appellant*.

—

Opinion filed May 5, 2006.

*Jo Ann Van Meter*, of Topeka, for appellant.

*Amy M. Memmer*, assistant district attorney, *Robert D. Hecht*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., ELLIOTT and GREENE, JJ.

*Per Curiam*: Larry J. Curls appeals his conviction for violation of a protective order, arguing insufficiency of the evidence. We affirm.

In December 2004, Shelby Murdock obtained a temporary restraining order against Larry Curls, specifying that Curls was to have no contact with Murdock. On January 6, 2005, officers were dispatched to Murdock's residence for a possible restraining order violation. At the bench trial, one of the officers testified that Murdock showed him her protection from abuse order and told him Curls had called her and left messages approximately every half hour beginning in the early morning hours of January 1 until 9 a.m. on January 2. The officer neither listened to the messages nor saw any notation of them of any kind. Murdock testified she knew it

was Curls calling because she recognized his voice and he talked about their children by name. She also stated that she recognized the numbers on her caller identification device as originating from Curls' cousin's house, his mother's house, and a pay phone, and that she received a total of approximately 16 calls during the early morning hours of January 1.

Curls testified he did not make any calls to Murdock on January 1 or January 2 due to the restraining order. Following arguments of counsel, the court concluded:

"Ms. Murdock testified and said in detail as to these phone calls, which were made. Apparently, there was no direct contact between Mr. Curls and Ms. Murdock. She apparently has caller ID and an answering machine. And she testified under oath that he left messages, and that she recognized the caller as being Mr. Curls. It would have been helpful had law enforcement looked at the evidence she had as to these phone calls. I frankly believe the testimony of Ms. Murdock. I don't think that a simple denial, under the circumstances, is sufficient enough. I can't really say that I have a reasonable doubt as to whether or not the calls were made. I'll find the defendant guilty of violating the protection order."

The court sentenced Curls to 6 months' probation and assessed $342 in fees against him. He appeals.

In general, Curls' arguments seem to suggest this court should reconsider the evidence that he denied making any calls, scrutinize Murdock's credibility because of her delay in calling the police, or discount the evidence as to the number of alleged calls due to inconsistencies between Murdock's testimony and the police report.

Curls' argument might have been precluded by the officers taking the time to listen to the messages recorded on Murdock's phone in order to corroborate her testimony. For the officers to decline Murdock's invitation to do so can only be deemed curious police work; clearly the better practice dictates that investigating officers confirm any recorded call messages when given the opportunity to do so.

Notwithstanding the lack of corroboration, the district court chose to believe Murdock's story, thus precluding any challenge to this evidence on appeal. We do not reweigh the evidence, pass on the credibility of witnesses, or resolve conflicts in the evidence.

*State v. Swanigan*, 279 Kan. 18, 23, 106 P.3d 39 (2005). Viewed in the light most favorable to the prosecution, the Murdock testimony alone convinces us that a rational factfinder could have found the defendant guilty beyond a reasonable doubt.

Affirmed.